Allison H. Goddard (211098)
JACZKO GODDARD LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 895-1004
Facsimile: (858) 225-3500

Attorneys for Plaintiff and the Class
JESSICA SHUGHROU




**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSICA SHUGHROU, an individual, on behalf of herself and all others similarly situated,<br>Plaintiff,<br>vs.<br>EUROMARKET DESIGNS, INC., a Illinois, corporation; and DOES 1 through 50, inclusive,<br>Defendants. | CASE NO. CV 11 2325 LB<br>CLASS ACTION<br>**CLASS ACTION COMPLAINT FOR**<br>**VIOLATION OF CALIFORNIA CIVIL CODE § 1747.08**<br>**REQUEST FOR JURY TRIAL** |

Plaintiff, JESSICA SHUGHROU on behalf of herself and all others similarly situated, complains and alleges upon information and belief as follows:

## I. INTRODUCTION

1. California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request personal identification information from a customer paying for goods with a credit card, and then record that personal identification information upon the credit card transaction form or otherwise; nor (2) require as a condition to accepting the credit card as payment the cardholder to provide the customer's personal identification information which the retailer causes to be written, or otherwise records upon the credit card transaction form or otherwise.[1]

[1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts

*(Footnote continued)*

2. Defendants operate retail stores throughout the United States, including California. Defendants are engaging in a pattern of unlawful and deceptive business practices by requesting and recording personal identification information, including zip codes, from customers using credit cards at the point-of-sale in Defendants' retail establishments.

3. On information and belief, Defendants use the zip codes and additional information obtained from customers' credit cards, including their names, to obtain their residential home addresses. Defendants obtain credit card customers' addresses with the help of third-party vendors such as Experian or Acxiom that maintain proprietary software and databases containing hundreds of millions of individual consumers' contact information. These vendors typically require merchants to confirm that they have obtained customers' informed consent to utilize their personal identification information before it is shared with the vendor.

4. Defendants do not disclose their true intentions behind requesting customers' zip codes, including that it will be used to obtain customers' home addresses, or shared with third parties. Rather, Defendants rely on consumers' incorrect assumption that Defendants want their zip codes to verify their identities for security purposes and as part of the credit card transaction. But, on information and belief, Defendants are not using credit card customers' zip codes for security measures, and this information is not necessary to process customers' credit cards.

5. Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member. If successful, this action will enforce an important right affecting the public interest and will confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

///

---

credit cards for the transaction of business shall do either of the following:
(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

## II. JURISDICTION AND VENUE

6. Plaintiff is informed and believes that defendant Euromarket Designs, Inc. is a Illinois Corporation with its corporate headquarters in Northbrook, Illinois.

7. Plaintiff is a resident of California and entered into credit card transactions at one or more of Defendants' retail locations in California.

8. Defendants have accepted credit cards for the transaction of business throughout California, including in the Northern District of California. All injuries occurred in California.

9. There is minimum diversity since Plaintiff and other Class members are citizens of California and defendant Euromarket is a citizen of Illinois. And the collective claims exceed five million dollars ($5,000,000) for purposes of establishing jurisdiction under the Class Action Fairness Act.

### A. Doe Defendants

10. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

### B. Agency/Aiding And Abetting

11. At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized

that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## III. CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW

### A. Plaintiff's Contact with Defendant

13. On at least one occasion within the last 12 months, Plaintiff went shopping at one of Defendants' retail stores located in the state of California.

14. Plaintiff proceeded to the cashiers' section of Defendants' store to pay for the selected merchandise with a credit card.

15. During the credit card transaction, and as part of Defendants' policy, Defendants' cashier requested personal identification information from Plaintiff in the form of Plaintiff's zip code, without informing Plaintiff why the information was being requested.

16. The cashier typed and recorded Plaintiff's zip code into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

17. Plaintiff then completed the transaction with the cashier and left the store with the purchased merchandise.

## IV. PLAINTIFF'S CLASS ACTION ALLEGATIONS

18. Plaintiff brings this class action against Defendants, pursuant to California Code of Civil Procedure section 382, on behalf of all persons from whom Defendants requested and recorded personal identification information in conjunction with a credit card transaction in California (herein referred to as the "Class"). Excluded from the Class are Defendants, their corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendants have a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

19. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendants.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote, and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole is appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

21. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, and Plaintiff's claims are typical of the Class claims.

22. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a. whether Defendants requested zip codes from credit card customers;

b. whether Defendants recorded credit card customers zip codes;

c. whether Defendants' conduct violates California Civil Code section 1747.08;

d. what was done with the collected information, including whether it was stored, sold, or otherwise disseminated to others; and

e. the proper amount of civil penalties to be awarded to Plaintiff and the Class.

23. Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

24. Plaintiff can fairly and adequately represent the interests of the Class, has no conflicts of interest with other Class members, and has retained counsel competent and experienced in class action litigation.

**CAUSE OF ACTION FOR VIOLATIONS OF**

**CALIFORNIA CIVIL CODE § 1747.08**

25. Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 24 of this Complaint.

26. California Civil Code section 1747.08 prohibits any corporation, which accepts credit cards for the transaction of business, from requesting the cardholder to provide personal identification information which the corporation then records in conjunction with a credit card transaction.

27. Defendants accept credit cards for the transaction of business. During the class period, Defendants had a policy of requesting and recording credit card customers' zip codes at the point-of-sale in Defendants' retail establishments. Zip codes constitute personal identification information for purposes of section 1747.08.

28. Plaintiff and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

## V. PRAYER FOR RELIEF

1. That the Court certify this action as a class action appointing Plaintiff as the Class Representative and Plaintiff's counsel as Class counsel;

2. For an award to Plaintiff and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

3. For general damages according to proof;

4. Restitution and disgorgement any ill-gotten profits from Defendants to the extent permitted by applicable law, together with interest thereon from the date of payment;

5. That the Court preliminarily and permanently enjoin Defendants from engaging in the conduct alleged herein;

6. Other injunctive and declaratory relief as may be appropriate;

7. For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendants from retaining the benefits of their wrongful conduct;

8. For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine;

9. For costs of the suit;

10. For prejudgment interest at the legal rate;

11. And for such other relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and the Class demand a jury trial for all of the claims so triable.

Date: May 10, 2011

JACZKO GODDARD LLP

By: Allison H. Goddard
Allison H. Goddard
Attorneys for Plaintiff